**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARLOS PEREA, individually and on behalf of the class defined herein, and PEOPLE OF THE STATE OF ILLINOIS ex rel. CARLOS PEREA, ) ) ) ) ) | |
| Plaintiff, ) ) | Judge Feinerman |
| - vs- ) ) | Case No.: 11-cv-08132 |
| WORLDWIDE ASSET PURCHASING, LLC, WORLDWIDE ASSET PURCHASING II, LLC, and WEST RECEIVABLE SERVICES, INC., ) ) ) ) ) | Magistrate Judge Brown |
| Defendants. ) | |

**JURISDICTIONAL ADDENDUM TO NOTICE OF REMOVAL**

NOW COME defendants Worldwide Asset Purchasing, LLC, Worldwide Asset Purchasing II, LLC and West Receivable Services, Inc. (collectively referred to as "defendants"), by and through undersigned counsel, and in response to this Court's Show Cause Order of November 18, 2011, state as follows:

### I. Citizenship of the Parties

In the Show Cause Order, this Court indicated that defendants "must properly allege the citizenship of all parties." In response, defendants show as follows:

### a. Plaintiff is a Citizen of Illinois

For purposes of evaluating diversity jurisdiction, the citizenship of an individual is domicile, and domicile is the place the individual intends to remain. *Dakuras v. Edwards,* 312 F.3d 256, 258 (7th Cir. 2002). Plaintiff is domiciled in and a citizen of

Illinois. *See plaintiff's Complaint,* ¶ 19.

### b. West Receivable Services, Inc. is a Citizen of Delaware and Nebraska

"To properly allege the citizenship of Defendant West Receivable Services, Inc., the addendum must identify its state of incorporation and the state of its principal place of business." *See November 18, 2011 Order* [doc. 15].

West Receivable Services, Inc. is incorporated in the State of Delaware and has its principal place of business in Omaha, Nebraska.

### c. Worldwide Asset Purchasing, LLC is a Citizen of Nevada

"To properly allege the citizenship of the two LLC defendants, the addendum must identify (by name) each member of each LLC and specify the citizenship of each member." *Id*.

Worldwide Asset Purchasing, LLC is a Nevada corporation with its principal place of business in Las Vegas, Nevada. Worldwide Asset Purchasing, LLC is a wholly owned subsidiary of West Receivable Services, Inc., which is the only member of Worldwide Asset Purchasing, LLC. West Receivable Services, Inc. is a citizen of Delaware and Nebraska.

### d. Worldwide Asset Purchasing II, LLC is a Citizen of Nevada

Worldwide Asset Purchasing II, LLC (WAP II) is a Nevada corporation with its principal place of business in Las Vegas, Nevada. WAP II is wholly owned by Galaxy Asset Purchasing, LLC, which is the only member of WAP II. Galaxy Asset Purchasing, LLC is 100% owned by Galaxy Capital Acquisitions, LLC. Galaxy Capital Acquisitions,

LLC is owned directly or indirectly by various individuals, limited liability corporations and Nevada corporations, with the ultimate owners being:

1. Steve Sherrill, a citizen of Georgia;

2. Richard Lundeberg, a citizen of Georgia;

3. Darrell T. Hanna, a citizen of Georgia;

4. Stephanie A. Hanna, a citizen of Georgia;

5. Susan Vasiliadis, a citizen of Georgia;

6. Kenneth S. Hurt, a citizen of Georgia;

7. Joseph Barbito, a citizen of Georgia;

8. Deidri McBrayer, a citizen of Georgia;

9. Michael LaFleur, a citizen of Georgia;

10. James Hanna, a citizen of Florida;

11. Hanna's Irrevocable Trust FBO Sydney Hanna, a citizen of Georgia;

12. Hanna's Irrevocable Trust FBO Spencer Hanna, a citizen of Georgia;

13. Leslie Abstein III, a citizen of Florida; and

14. Kelly Hebert, a citizen of Georgia.

**II.    The Amount In Controversy Exceeds $5,000,000**

This Court has ordered defendants to "explain plausibly how the stakes in this case exceed $5,000,000; to do so, the addendum must plausibly estimate the number of putative class members and the average damages recoverable by each putative class member." *See November 18, 2011 Order* [doc. 15]. In calculating the requisite amount

in controversy, CAFA requires that all of the claims of all of the parties be aggregated. *28 U.S.C. § 1332(d)(6)*.

### a. Summary of Plaintiff's Claim

Plaintiff alleges that defendants violated the Illinois Collection Agency Act (ICAA), 225 ILCS 425/1 *et seq.* and the Illinois Consumer Fraud Act (ICFA), 815 ILCS 505/1 *et seq.* Succinctly, plaintiff alleges that defendants violated the ICAA and ICFA by acquiring defaulted debts originally owed to others by Illinois consumers and attempting to collect on those accounts without being licensed as an Illinois collection agency. *Plaintiff's complaint, ¶¶ 10-13*.

According to plaintiff, the ICAA was amended effective January 1, 2008 to make clear that "debt buyers" like defendants become regulated by and subject to the licensing requirements of the ICAA. *Plaintiff's complaint, ¶ 2; ¶ 5*. As a result of this amendment, plaintiff alleges that defendants could not acquire accounts, or attempt to collect on those purchased accounts without first being licensed as a collection agency. *Id., ¶¶ 9-10*. Plaintiff alleges that, as a result of the failure to be licensed between January 1, 2008 and September 4, 2008, defendants' actions of acquiring and collecting accounts during this time were void. *Id*.

### b. Calculating the Amount in Controversy

Plaintiff brings this action on behalf of 2 classes. The first class "consists of (a) all individuals (b) against whom defendant Worldwide Asset Purchasing, LLC or Worldwide Asset Purchasing II, LLC filed a collection lawsuit or took legal action or from whom defendants collected money (c) in Illinois (d) between January 1, 2008 and

Case: 1:11-cv-08132 Document #: 23 Filed: 12/01/11 Page 5 of 9 PageID #:186

September 4, 2008." *Plaintiffs' Complaint*, ¶ 53. Plaintiff also brings this action on behalf of a second class that "consists of (a) all individuals (b) against whom defendant Worldwide Asset Purchasing, LLC or Worldwide Asset Purchasing II, LLC filed a collection lawsuit (c) in Illinois (d) between January 1, 2008 and September 4, 2008." *Plaintiffs' Complaint*, ¶ 30.

On behalf of these classes, plaintiff seeks to "void all legal actions filed by Worldwide Asset Purchasing, LLC or Worldwide Asset Purchasing II, LLC . . . and all orders and judgments obtained by Worldwide Asset Purchasing, LLC or Worldwide Asset Purchasing II, LLC . . ." Plaintiffs also seek "restitution of all funds obtained by Worldwide Asset Purchasing, LLC or Worldwide Asset Purchasing II, LLC . . ." *Plaintiffs' Complaint*, ¶ 34. Finally, plaintiff alleges that defendants unlawfully "acquire[d] defaulted debts originally owed to others" while not licensed as a collection agency in Illinois. *Plaintiff's Complaint*, ¶ 10.

Although plaintiff has not specifically pled his damages, or the damages of the class, the total aggregate amount in controversy exceeds $5,000,000[1]. The "stakes in this

---

[1] Defendants are not conceding that plaintiff is entitled to any recovery. Instead, defendants contend that plaintiff's claims are without merit, and that plaintiff (and the class) should take nothing in this action. To the extent that plaintiff does have a viable claim, defendants anticipate that the damages plaintiff and the class would actually be entitled to are less than $5 million. Defendants, in other words, disagree with plaintiff that the class is entitled to the type and amount of relief being sought. However, for purposes of analyzing the jurisdictional issue presently before the Court, and without waiving any later rights to challenge plaintiff's damage calculations, a fair reading of the complaint shows that "plaintiff hopes to get out of this litigation" an amount in excess of $5,000,000. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

case" include both (1) the value of the underlying accounts and (2) the amount of money collected on the accounts.

After the court hearing on November 22, 2011, counsel for plaintiff, Daniel Edelman, explained that plaintiff was not seeking to have the purchase of the accounts by defendants declared void. Based on the informal discussions of counsel, defendants now understand that plaintiff is seeking only to have the judgments obtained by defendants vacated, and all funds collected during the period when defendants were not licensed reimbursed to the class[2]. However, despite plaintiff's attempt to exclude it, the value of the accounts must be included in the analysis of whether the "matter in controversy exceeds the sum or value of $5,000,000." *28 U.S.C. § 1332(d)(2)*. In total, the accounts that could be included in the class have a total value of approximately $86,000,000.

Based on his complaint, plaintiff alleges that defendants unlawfully <u>acquired</u> and <u>collected</u> the accounts without being licensed, and therefore, that defendants' ownership interest in the accounts is void. Based on his complaint, the value of those accounts must be included in the amount in controversy because defendants' ownership rights in those accounts are being explicitly challenged. For plaintiff to succeed, the Court would be required to reach the conclusion that the accounts were not legally purchased. Stated

---

[2] Counsel's representations should be of no consequence. When analyzing whether the requirements of diversity jurisdiction have been met, the Court is to examine whether there is jurisdiction on the basis of plaintiff's complaint. *Smith v. American General Life & Accident Insurance Co.*, 337 F.3d 888, 892 (7th Cir. 2003). And in paragraph 10 of his complaint, plaintiff alleges that defendants could not purchase debts when not licensed as a collection agency in Illinois pursuant to *LVNV Funding, LLC v. Trice*, 952 N.E.2d 1232, 1236 (Ill. App. 1 Dist. 2011).

differently, plaintiff's lawsuit puts defendants' interest in an $86,000,000 asset that is presently owed by the class members in jeopardy.

Moreover, the value of the accounts must be included in the "stakes" of this case because the net effect of a judgment in plaintiff's favor would certainly affect the ability to collect on the accounts. For example, accounts that currently have judgments that could be vacated under plaintiff's theory of liability will likely not be subject to a renewed collection lawsuit because the limitation period on those debts has likely expired. Many accounts with value today because of the judgment would lose that value because a subsequent collection lawsuit would be time-barred. And to the extent that a consumer has made a payment on an account, thereby extending the limitation period, the reimbursement of that payment would shorten the limitation period for filing suit to collect the account, and effectively preclude any collection lawsuit. *See Kranzler v. Saltzman*, 942 N.E.2d 722, 727 (Ill. App. 1 Dist. 2011) (statute of limitation period begins to run on the date of last payment.)

Finally, and to the extent that this Court concludes that the value of the purchased accounts is not at stake in this suit, the amount in controversy must then necessarily include the price paid by defendants attempting to purchase the accounts. In other words, should this Court accept the reasoning of plaintiff and *Trice* that defendants did not lawfully purchase the accounts, defendants would no longer have any right, title or interest in the accounts, and would lose the amount paid for the accounts. The total price paid by defendants for the accounts involved in this case was $5,079,929.34. Regardless

of the valuation method employed, the "stakes" in this case undeniably exceed $5 million.

### c. The Putative Class Exceeds 100

Defendants have identified 30,847 individuals that had accounts owned by Worldwide Asset Purchasing, LLC or Worldwide Asset Purchasing II, LLC in which collection activity took place. In other words, the number of putative class members is estimated at 30,847.

Those 30,847 accounts have a book value subject to being declared void of approximately $86,000,000. The estimated, average damages of each putative class member are $2,787 (the value of the accounts divided by the number of accounts).

### III. There Are More Than 100 Putative Class Members

In its Order of November 22, 2011, this Court amended the show cause order to require defendants to "articulate a basis for concluding that there are more than 100 class members." *See November 22, 2011 Order* [doc. 16].

As shown above, there are approximately 30,847 individual accounts that satisfy plaintiff's class definition.

WHEREFORE, based on the foregoing, defendants request that the Court discharge the Show Cause Order of November 18, 2011.

                                                      Respectfully submitted,

                                                      /s/ James K. Schultz
                                                    Attorney for Defendants

- 9 -

Nicole Barrett
James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
55 West Monroe, Suite 1120
Chicago, IL 60603
Telephone:   (312) 578-0990
Facsimile:   (312) 578-0991
nbarrett@sessions-law.biz
jschultz@sessions-law.biz

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on this 1st day of December 2011, a copy of the foregoing **Jurisdictional Addendum To Notice Of Removal** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Daniel A. Edelman
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603

/s/ James K. Schultz
Attorneys for Defendants

\\sfnfs02\prolawdocs\7989\7989-28426\Perea, Carlos\619241.doc